IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOHN THURLOW MOSBY, | Cause No. CV 21-19-H-DWM |
| Plaintiff, | |
| vs. | ORDER |
| JIM SALMONSEN, | |
| Defendant. | |

On March 10, 2021, Plaintiff John Thurlow Mosby filed this action alleging a violation of his civil rights under 42 U.S.C. § 1983. *See* Compl. (Doc. 2) at 11. Mosby is a self-represented state prisoner. On June 16, 2021, the Court explained some legal defects in his pleading and gave him an opportunity to amend his complaint. *See* Order (Doc. 6) at 3–4. Mosby has submitted an amended complaint (Doc. 8) and a supplement (Doc. 9).

Mosby explains that he left his electronic player/tablet ("player") in the dayroom to charge it, as the cells have no electrical outlets. When new officers came into the area, another inmate, Yoder, asked them to give him the player. Mosby was locked in his cell, but he yelled out to the guards, "Do not give it to him. It's mine." He also told them to turn on the device, because that would show who owned it. The officers gave Yoder the player anyway. Yoder broke it. *See*

1

Supp. (Doc. 9) at 5 ¶ IV(D); *id*. at 12.  Loss of the player caused Mosby significant distress, and he has not been able to replace it.  He requests a new player and $3,000.00 compensation.  *See id*. at 5 ¶ VI.

Generally, the Constitution requires that a prison guard in a state prison must provide an inmate with due process before depriving the inmate of his property. *See* U.S. Const. am. XIV § 1.  But "the Due Process Clause is simply not implicated by a *negligent* act of an official causing *unintended* loss of or injury to . . . property."  *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (second emphasis added).  Even if the guards knew the player belonged to Mosby and gave it away without Mosby's permission, their act was unauthorized.  When a prison guard does something unexpected, like taking an inmate's property from him without authorization, "a meaningful post-deprivation remedy for the loss" satisfies the guarantee of due process.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  And Montana provides a remedy.  *See, e.g.*, Mont. Code Ann. §§ 2-9-101(1), 27-1-320. Mosby does not allege facts showing that a policy or rule authorized prison guards to deprive him of his property.  He is not entitled to relief.

Mosby points out that the Warden is responsible for the physical structure of the prison.  Presumably, the incident would not have happened if Mosby had charged the player in his cell, but the lack of an outlet prevented him from doing so.  The Court is not aware of any law, however, that binds the Warden to pay for

2

all losses that are incurred because of the cells' design.

Mosby is understandably frustrated by his loss. But the Constitution does not provide a remedy under these circumstances. For that reason, any appeal from this disposition would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A), (4)(B).

Accordingly, IT IS ORDERED:

1. Mosby's pleadings (Docs. 8, 9) are DISMISSED with no further leave to amend.

2. The clerk will enter, by separate document, a judgment of dismissal with prejudice.

3. The Court CERTIFIES that any appeal of this Order would not be taken in good faith.

DATED this __22nd__ day of June, 2021.

                                                              15:06 PM
                              Donald W. Molloy
                              United States District Court